IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | TIAJUANA WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>) | Civil Action No. 17-1060-M |
| (1) | RMLS HOP OKC, LLC, )<br>)<br>Defendant. ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, Tijuana Washington, by and through her undersigned counsel, and by way of her Complaint against the Defendant, RMLS HOP OKC, LLC, alleges as follows:

I.   Nature of Action

1.1    This jury action seeks redress for Defendant's violation of the laws of the United States and state law in connection with the termination of Plaintiff's employment. The action specifically seeks to enforce rights created under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981 ("Section 1981") and The Oklahoma Anti-Discrimination Act ("OADA") 25 O.S. § 1101 et. seq.    As redress for Defendant's violations of the ADA, Title VII, OADA and Section 1981 Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, punitive damages, damages for emotional

1

distress and attorney fees and costs.

## II.   Jurisdiction and Venue

2.1    This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 2201 and 42 U.S.C. § 1981. Jurisdiction of Plaintiff's ADA claim is invoked pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

2.2    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.3    At all relevant times, Defendant has continually been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5) and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7).

2.4    At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

2.5    All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.   Plaintiff filed charges of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission.   On or about July 20, 2017 the EEOC issued to Plaintiff a Notices of Right to Sue and this suit is instituted within the 90-day deadline contained within the notice.

2.6    This Court has pendent jurisdiction over the state law claim as the claim arose under the same set of facts as the federal statutory claims.

### III.    Parties

3.1    Defendant, RMLS HOP OKC, LLC, is a registered foreign limited liability company which conducts operations throughout the State of Oklahoma. Defendant may be served with Summons and Complaint by serving its registered agent for service of process:   The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

3.2    Defendant conducts business and maintains an office in the judicial district of this Court.

3.3    Plaintiff, Tiajuana Washington, is a resident of Oklahoma County, Oklahoma.   Plaintiff is a qualified individual within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C.A. Section 12111(8), in that Plaintiff has a disability: diabetes.   Prior to Plaintiff's termination, Plaintiff was an employee of Defendant under the ADA, 42 U.S.C.A. Section 12111(4).

3.4    At all times relevant, Defendant employed Plaintiff.

3.5    At all times relevant, Plaintiff was qualified for her job position with Defendant and performed her job satisfactorily.

### IV.    Background Facts

4.1    Defendant operates restaurants under the name of IHOP.

4.2     Plaintiff, female and African-American, began employment at Defendant on or about September 2015 in the position of Server at the IHOP located at 1421 S. Air Depot Road, Midwest City, OK   73115.   Before her employment at Defendant, Plaintiff was diagnosed with and actively treating Type I, Diabetes.   Her medical condition is permanent.

**Accommodations for Diabetes**

4.3     Plaintiff's disability required her to self-monitor and adjust her blood sugar level during her work shift through food, liquid or medication.   Plaintiff informed Defendant of her disability and Defendant periodically provided to Plaintiff accommodations for her disability by allowing her to monitor and adjust her blood sugar level during her shift. Other times, store management ignored Plaintiff's need for an accommodation.

4.4     Plaintiff's medication regimen later changed from tablet to injection by syringe causing difficulty in blood sugar control in the transition.

**Demotion**

4.5     In reference to her disability, her managers had told her to "find another job" or "seek disability".   On or about February 2016 Michelle Owens, General Manager, told Plaintiff that she was "too sick to work" and demoted her from full-time to part-time.

**Reporting of Racial Commentary**

4.6     The restaurant facility employed mostly Hispanic Cooks.

4.7     Almost daily, the Cooks referred to Plaintiff (and other African-American Servers) in derogatory terms, including "black bitches", "go f**k you're your mommy (or daddy)", "dumb", "stupid".

4.8     Plaintiff reported these comments to management.    Defendant did nothing to remedy the situation, including discipline.

4.9     The Cooks retaliated by delaying a Server's order to impact a tip.

**Sexual Harassment**

4.10    Plaintiff was subjected to sexual harassment from the Assistant Manager, Autumn Robinson, approximately twice a week.   The sexual harassment to Plaintiff (and other Servers) included inappropriate touching, groping, humping and invitations for sex.   She would show to Plaintiff (and other Servers) from her phone graphic video and pictures of her and a male engaged in sexual acts with commentary including "ya'll get on my bed", "this could be you", "show you a good time". She further made sexually inappropriate commentary to Plaintiff including "big ole titties and ass you got", "come here girl" and "miss you".

4.11    The sexual harassment was unwanted and Plaintiff attempted to avoid her when she could.

4.12    On many occasions Plaintiff advised her manager, Autumn Robinson, that she planned to report the discrimination and/or harassment to the Equal Employment Opportunity Commission. She further sought a corporate number to report the discrimination and harassment.    Ms. Robinson would not provide a number and directed

5

her to follow the chain of command by first discussing the matter with Michelle Owens, General Manager.

4.13   Plaintiff further made complaints of disparate treatment to Moe (last name unknown), purported Area Manager.   Plaintiff's immediate managers became angry toward Plaintiff for her reporting.   Her work environment did not change.

4.14   On or about April 20, 2016 Plaintiff reported the harassment/discrimination to Ms. Owens, GM.   Ms. Owens stated that she would be handling the investigation and not to go above her chain of command.   She further suggested that Plaintiff should resign.

4.15   A few days later, Plaintiff reported the harassment/discrimination to Moe (last name unknown), purported Area Manager.   He said he would investigate and asked if she was willing to transfer.

**No Investigation or Remedial Measures**

4.16   Defendant did not conduct any investigation or institute any remedial measures.

**Termination**

4.17   On or about April 27, 2016, Defendant terminated Plaintiff's employment.

## Count I:   ADA and OADA

5.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.17 of this Original Complaint.

5.2     Plaintiff had a "disability" within the meaning of 42 U.S.C. § 12102.(2)(A) and/or Plaintiff was "regarded as having such an impairment" by Defendant within the meaning of 42 U.S.C. § 12102.(2)(C) and/or Plaintiff has a "record of such an impairment" within the meaning of (2)(B).

5.3     Defendant willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of a disability in the terms or conditions of her employment, and/or otherwise failed to reasonably accommodate Plaintiff's disability, by engaging in the following conduct: (a) demoting her to part-time due to her disability or utilization of accommodations; (b) providing accommodations and criticizing her for taking the accommodations; (c) threatening termination and seeking resignation due to her disability; (d) by terminating Plaintiff's employment.   By engaging in such conduct, Defendant violated § 12112(a) and OADA, which makes it an unlawful employment practice for an employer to discriminate against any person with respect to hiring, discharge and other terms, conditions, and privileges of employment because of a disability or being regarded as disabled.

5.4     As a direct and proximate result of Defendant's violation of the ADA and OADA, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including wages and employee benefits, she would have received as an employee of Defendant had she not been discharged in violation of the ADA and OADA.

5.5     As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

5.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

5.7     As a direct and proximate cause of the violations of the ADA and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Count II:     ADA Retaliation and OADA**

6.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.7, of this Original Complaint.

6.2     Plaintiff's need for a reasonable accommodation from Defendant in the form periodic breaks, as needed, to self-monitor and adjust blood sugar level, as alleged in this Original Complaint, was a motivating factor in Defendant's decision to: (a) threaten termination or seek her resignation; (2) demotion to part-time due to her disability or utilization of accommodations and (3) terminating Plaintiff's employment. Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her prior accommodation and request for a reasonable accommodation by the conduct above.   By engaging in such conduct, Defendant violated the ADA and OADA, which makes it an unlawful employment practice for an employer to retaliate or discriminate against a person who has requested an accommodation for a disability.

8

6.3    As a direct and proximate result of Defendant's violations of the ADA and OADA, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including wages and employee benefits, she would have received as an employee of Defendant had she not been terminated in violation of the ADA and OADA.

6.4    As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

6.5    Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

6.6    As a direct and proximate cause of the violations of the ADA and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## Count III:   Title VII of the Civil Rights Act of 1964 and OADA
### (Sex Discrimination in Termination and Hostile Work Environment)

7.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.6 of this Complaint.

7.2    At all times material to this cause of action, Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and has continuously employed and does employ fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

7.3     Plaintiff was an "employee" of Defendant and Defendant was Plaintiff's "employer", within the meaning of 42 U.S.C. § 2000e(f), throughout her employment.

7.4     Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of sex by maintaining a hostile and abusive work environment in which she was subject to unwelcome sexual harassment which was so severe and pervasive that the terms, conditions and privileges of her employment palpably deteriorated.   Defendant otherwise knew or should have known of such sexual harassment and yet failed to take prompt remedial action.

7.5     Such conduct was so extreme and pervasive that it unreasonably interfered with Plaintiff's work performance and otherwise created for her an intimidating, hostile and offensive working environment at Defendant.   By engaging in such conduct, Defendant violated Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her sex.

7.6     Plaintiff's sex was a motivating factor in Plaintiff's discharge. Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her sex in discharge.   By engaging in such conduct, Defendant violated, and continues to violate Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discharge any person because of sex.

7.7     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a and OADA.

7.8     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment at Defendant and the loss of compensation, including salary, bonuses and employee benefits, and promotions she would have received as an employee at Defendant had she not been discharged in violation of Title VII and OADA.

7.9     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

7.10    As a direct and proximate cause of the violations of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Count IV:    Title VII of the Civil Rights Act and OADA**
**(Retaliation)**

8.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 7.10 of this Complaint.

8.2     By Plaintiff expressing to management that she held the good faith belief that she was being discriminated against on the basis of sex and complaining of such conduct, Plaintiff was opposing discrimination made unlawful by Title VII and OADA.

Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and OADA.

8.3     Plaintiff's opposition to and reporting of sex discrimination was a motivating factor in the discharge of her employment. Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to sex discrimination and reporting to management in her termination of employment.

8.4     By engaging in the aforementioned conduct, Defendant violated, and continues to violate Section 703(a)(1) & 704 (a) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any person because she has opposed any practice made an unlawful employment practice by Title VII and OADA.

8.5     Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff, within the meaning of 42 U.S.C. Section 1981a and OADA.

8.6     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee of Defendant had she not been discharged in violation of Title VII and OADA.

8.7     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

8.8     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

**COUNT V:     Title VII of the Civil Rights Act of 1964 and Section 1981 and OADA**
**(Retaliation in Termination of Employment)**

9.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 8.8 of this Original Complaint.

9.2     Plaintiff witnessed, observed and complained to management racial harassment.   Plaintiff held the good faith belief that she was opposing discrimination at work, including discrimination based upon race.     By Plaintiff holding the good faith belief that she was opposing discrimination and complaining of such conduct to her superiors, Plaintiff was opposing and reporting discrimination made unlawful by Title VII and Section 1981.   Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and Section 1981 and OADA.

9.3     Plaintiff's opposition to and complaining of discrimination was a motivating factor in the discharge of her employment.   Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to and complaining of discrimination in her termination of employment.

9.4     By engaging in the aforementioned conduct, Defendant violated, and continues to violate Section 703(a)(1) & 704 (a) of Title VII and Section 1981 and OADA, which makes it an unlawful employment practice for an employer to discriminate

against any person because she has opposed or complained of any practice made an unlawful employment practice by Title VII and Section 1981 and OADA.

9.5     Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff.

9.6     As a direct and proximate result of the violations of Title VII and Section 1981 and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee had she not been discharged in violation of Title VII and Section 1981 and OADA.

9.7     As a direct and proximate result of the violations of Title VII and Section 1981 and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

9.8     As a direct and proximate result of the violations of Title VII and Section 1981 and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

### COUNT VI:   Racial Harassment
### (Title VII and Section 1981 and OADA)

10.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 9.8 of the Original Complaint.

10.2    Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her race, color, ancestry, and ethnic characteristics by

maintaining a hostile and abusive work environment in which she was subject to unwelcome racial harassment which was so severe, pervasive and humiliating that the terms, conditions and privileges of her employment palpably deteriorated.   Defendant otherwise knew or should have known of such racial harassment and yet failed to take prompt remedial and corrective action.   By such conduct and omissions, Defendant violated 42 U.S.C. § 1981 and Section 703(a)(1) of Title VII and OADA, which make it an unlawful employment practice for an employer to discriminate against any person because of race or color.

10.3    Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff such that Plaintiff is entitled to punitive damages.

10.4    As a direct and proximate result of the unlawful racial harassment alleged under this Count, and particularly the hostile and abusive work environment which she was required to endure, Plaintiff has suffered nonpecuniary losses, including the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

10.5    As a direct and proximate cause of the unlawful racial harassment alleged under this Count, Plaintiff has suffered pecuniary losses, the type and amount of which will be established at the trial of this cause.

Prayer for Relief

Plaintiff prays for and demands the following relief:

15

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Complaint, and that Defendant has, by engaging in such conduct, violated the ADA, Title VII, Section 1981 and OADA.

2.     A judgment against Defendant awarding Plaintiff an amount equal to the back pay, including lost tips, bonuses and benefits, she would have received from termination through the date of judgment, but for the harassment, discrimination and retaliation.

3.     A judgment awarding Plaintiff an amount equal to the front pay, including lost bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from Defendant had her employment with Defendant not been terminated.

4.     A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's violation of the ADA, Title VII, Section 1981 and OADA.

5.     A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for its violation of the ADA, Title VII, Section 1981 and OADA.

6.     A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

7.     A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,


s/ Jeff A. Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK    73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF


## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

s/Jeff Taylor
JEFF A. TAYLOR